*812774/DMSchultz/*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 14 2002

FILED
MAY X 7 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL RIZZO and LOUISE, RIZZO, | ) ) ) Case No. 02 C 1992 |
| Plaintiffs, | ) ) Judge Norgle |
| v. | ) ) Magistrate Judge Bobrick |
| PIERCE & ASSOCIATES, P.C., | ) ) ) ) |
| Defendant. | ) |

### NOTICE OF MOTION

TO:     Mr. Daniel A. Edelman, EDELMAN, COMBS & LATTURNER, LLC, 120 South LaSalle Street, 18th Floor, Chicago, IL 60603

PLEASE TAKE NOTICE that on the **10th** day of **May, 2002**, at **10:30 a.m.**, or as soon thereafter as this Motion may be heard, I shall appear before the Honorable Judge Norgle or any Judge sitting in his stead in Courtroom 2341, in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, and then and there present Defendant Pierce & Associates, P.C.'s Rle 12(B) Motion to Dismiss, a copy of which is hereby served upon you.

PIERCE & ASSOCIATES, P.C.

_____
David M. Schultz

David M. Schultz
Michael S. Nardulli
HINSHAW & CULBERTSON
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000



5503109v1

## CERTIFICATE OF SERVICE

    I, the undersigned, a non-attorney on oath, state that I served the above and foregoing Notice and Rule 12(B) Motion To Dismiss by mailing a copy to the above attorneys of record from 222 N. LaSalle Street, Chicago, Illinois 60601-1081 on the 7th day of May, 2002, with proper postage prepaid.

*Nancy Rowell*
Nancy Rowell

[x] Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

## SERVICE LIST

Daniel A. Edelman
Cathleen M. Combs
James Latturner
Adela C. Lucchesi
Edelman, Combs & Latturner
120 S. LaSalle Street, 18th Floor
Chicago, IL  606030

5503109v1

812774/DMSchultzMSNardulli/

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RIZZO and LOUISE, RIZZO, | ) ) ) | Case No. 02 C 1992 |
| Plaintiffs, | ) ) | Judge Norgle |
| v. | ) ) | Magistrate Judge Bobrick |
| PIERCE & ASSOCIATES, P.C., | ) ) | |
| Defendant. | ) | |

**FILED MAY X 7 2002** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**DOCKETED MAY 1 4 2002**

### RULE 12(B)(6) MOTION TO DISMISS

Defendant, PIERCE & ASSOCIATES, P.C., by its attorneys, David M. Schultz and Michael S. Nardulli, and pursuant to Rule 12(b)(6) of the Federal Code of Civil Procedure respectfully moves to dismiss plaintiff's Complaint at Law. In support the defendant states as follows:

### I. INTRODUCTION

In 1997, the plaintiffs, Michael Rizzo and Louise Rizzo, obtained a second mortgage loan secured by their home. Thereafter, the Rizzos failed to make monthly mortgage payments and as a consequence Pierce & Associates was hired to file a foreclosure action related to the Rizzo's residence. After the foreclosure action was filed, the Rizzos exercised their option to reinstate the mortgage after paying all amounts that were due. The complaint alleges that during some unspecified time and in some unspecified document, a request for post-acceleration late charges was made by the defendant. The plaintiffs allege that it was improper and a violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA") for the defendant to attempt to collect what they call "post-acceleration late charges."

1

5502518v1

However, upon reinstatement of the mortgage by the mortgagor, as was done in this case, the mortgagee is entitled to recover all amounts due under the mortgage and note, including late charges. Consequently, Pierce & Associates were entitled to seek recovery of the late charges in this circumstance and this complaint should be dismissed with prejudice.

## II. STATEMENT OF FACTS

On or about August 19, 1997, Michael Rizzo and Louise Rizzo (hereinafter "the Rizzos") entered into a mortgage agreement with Decision One Mortgage Company in order to borrow $46,850.00 from Decision One Mortgage Company. This loan was secured by the Rizzo's home. On that same date, the Rizzos also signed a promissory note making them personally liable for the repayment of the money lent. (A copy of the mortgage and note are attached to this motion to dismiss as Group Exhibit A.)[1] Pursuant to the signed note and mortgage, the Rizzos agreed to pay the lender principal and interest on the loan by making payments each month in the amount of $674.88.

---

[1] The mortgage and note may properly be considered in connection with this motion to dismiss. *Ventura Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Circ. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are essential to her"); *Patterson v. North Shore Agency*, 126 F.Sup.2d 1138, 1140, N.2 (Northern District Illinois 2000, wherein the court properly considered material which was part of the contractual relationship which formed the basis of plaintiff's allegations). In this instance, the mortgage and note were attached as exhibits to the complaint filed in the foreclosure action and the foreclosure action complaint is attached as Exhibit B to this complaint. The plaintiff simply filed the foreclosure complaint without the exhibits. The defendant in this action now attaches the mortgage and note to this motion to dismiss. Further, the mortgage and/or note are either referenced or specifically referred to throughout the plaintiff's complaint at law.

Also pursuant to the note, the Rizzos agreed that if the note holder did not receive the full amount of any of the monthly payments by the end of 15 days after the date it was due they would pay a late charge to the note holder in the amount of five percent of the overdue payment. (See paragraphs 3 and 4 of the note attached hereto as Group Exhibit A). At some point, the Rizzos failed to make the monthly mortgage payments, and as a consequence, the lender hired Pierce & Associates to file a foreclosure action.

On November 3, 2000, Pierce & Associates filed a mortgage foreclosure action on the plaintiffs' mortgage in DuPage County, Illinois. (See Exhibit B to plaintiffs' complaint at law.) On or about May 30, 2001, a judgment was entered in the foreclosure case directing the sale of the property. After the judgment was entered, but before the sale of the property, the Rizzos made a decision to cure all of the defaulted payments and charges and to exercise their right to reinstate their mortgage pursuant to paragraph 18 of their mortgage document. (See paragraph 18 of mortgage attached to this motion to dismiss as Group Exhibit A.) On March 4, 2002, as a result of the Rizzo's decision to reinstate the mortgage, the court entered an order dismissing the foreclosure action due to reinstatement of the subject mortgage. (Attached hereto as Exhibit B to this motion to dismiss is a copy of said court order)[2] In paragraph 15 of the complaint, the plaintiffs allege that in July of 2001 the defendant sought to collect post-acceleration late charges in the foreclosure action. The plaintiff now files this one count FDCPA claim contending that it

---

[2] The plaintiff refers to this dismissal and the reinstatement of the case in paragraph 14 of the complaint. (See also footnote 1 supra)

5502518v1

was improper for the defendant to attempt to collect late charges after the loan acceleration and commencement of the foreclosure action.

### III. ARGUMENT

#### A. **Pierce & Associates were authorized to collect late charges.**

In this case, Pierce & Associates was retained by the lender to file a foreclosure action against the Rizzos after the Rizzo's failed to make the required payments pursuant to the mortgage and note. On November 3, 2000, Pierce & Associates filed a complaint to foreclose the mortgage. Pursuant to that complaint, on or about May 30, 2001, a judgment was entered in the foreclosure case directing the sale of the Rizzos' property. After judgment was entered but before any sale of the property, the Rizzos decided to cure all of the default payments and charges related to their loan and to exercise their option to reinstate their mortgage. Specifically, paragraph 18 of the Rizzos' mortgage document provides as follows:

> **Borrower's right to reinstate.** Notwithstanding lender's acceleration of the sum secured by this mortgage due to borrower's breach, borrower shall have the right to have any proceedings begun by lender to enforce this mortgage discontinued at any time prior to entry of a judgment enforcing this mortgage if: (a) borrower pays lender **all sums which would be then due under the mortgage and the note had no acceleration occurred; (b) borrower cures all breaches of any other covenants or agreements of borrower contained in this mortgage;** (c) borrower pays all reasonable expenses incurred by lender in enforcing the covenants and agreements of borrower contained in this mortgage and in enforcing lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorney's fees . . . . (See paragraph 18 of mortgage document attached to this motion as Exhibit A)

Pursuant to this section of the Rizzos' mortgage, the Rizzos decided to reinstate their mortgage. In order for the Rizzos to reinstate the mortgage, they were required to pay the lender

**all sums which would be then due under the mortgage and the note had the acceleration never occurred.** Therefore, all of the duties and obligations of the mortgage and note were again applicable in order to reinstate the mortgage including the provisions regarding fees for late payments.

This idea is also supported by the Illinois Mortgage Foreclosure Act. Chapter 735 ILCS 5/15-1602 of the Mortgage Foreclosure Act specifically provides as follows:

> In any foreclosure of a mortgage executed after July 21, 1959, which has become due prior to the maturity date fixed in the mortgage, or in any instrument or obligation secured by the mortgage, through acceleration because of a default under the mortgage, a mortgagor may reinstate the mortgage as provided herein. Reinstatement is effected by **curing all defaults then existing,** other than payment of such portion of the principal which would not have been due had no acceleration occurred **and by paying all costs and expenses required by the mortgage to be paid in the event of such defaults**

Therefore all of the terms and conditions of the mortgage would again apply upon the Rizzo's decision to reinstate the mortgage. In the case of *Willett v. Mid First Bank*, 196 B.R. 732 (1996) the issue of whether or not mortgage terms and conditions apply after reinstatement of a mortgage was addressed. In that case, the bank foreclosed on the debtor's mortgage and obtained a foreclosure judgment. It was argued that after the judgment was taken, the debtor's obligation was no longer based on the mortgage documents, but rather it was based on the judgment. It was also argued that upon taking a foreclosure judgment, a bank's mortgage merges into the judgment and the terms no longer apply. After the foreclosure judgment the debtor decided to reinstate the mortgage. As a result the court held the following:

5

"The debtor's proposed plan contemplates a cure of the default. 'Curing a default means taking care of the triggering event and returning to pre-fault default conditions.' *In Re Taddeo*, 685 F.2d 24 (2nd Cir. 1982). Curing a default means that 'the event of default is remedied and the consequences are nullified.' Id at 28. 'Stated differently, a cure returns the parties to the status quo ante by paying all the arrearages on the debt and reinstating the debt's original terms.' *In Re Johnson*, 184 B.R. 570, 574 (Bankr. D.Minn. 1995). See also *In Re Clark*, 738 F.2d 869, 872 (7th Cir. 1984)." Id at 733.

Accordingly, the *Willett* court determined that when the debtor elected to cure and reinstate the mortgage, he again became liable for interest and all other charges which accrue under the terms of the mortgage just as if no judgment were ever taken. This is exactly what occurred in the present case.

Thus, in order to reinstate their mortgage, the Rizzo's had to pay all of those payments, fees and expenses required under their mortgage and note. In order to determine this amount one must look at the pertinent provisions and obligations under the mortgage and note. In paragraph 3 of the Rizzos' personal note they agreed to pay principal and interest by making payments each month of $674.88. Also pursuant to this paragraph, they agreed to make the payments on the 25th day of each month. In paragraph 4 of the personal note, it specifically provides as follows:

> **Borrower's failure to pay as required (a) late charge for overdue payments.** If the note holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the note holder. The amount of the charge will be 5% of my overdue payment . . . . (See note attached as Exhibit A to this motion)

Therefore, if the Rizzo's made any monthly payments late, then a late charge is authorized by the mortgage and note. It is undisputed in this instance that the Rizzos did not make certain monthly payments. As a result of their failure to make these monthly payments,

late charges were incurred pursuant to the mortgage and note. In order for the Rizzos to reinstate their mortgage, they needed to pay, among other things, the late payments. Therefore, Pierce & Associates needed to calculate all of the fees owed by the Rizzos in order for the Rizzo's to reinstate their mortgage.

As has been argued, the mortgage and note specifically provide for late charges for failure to timely pay the monthly installments. Therefore, in order to properly reinstate the mortgage these fees and charges must be paid. In fact, if these late fees were not paid by the Rizzo's, it would not have been a proper reinstatement of the mortgage. In the case of *Crown Life Insurance Company v. American National Bank and Trust Company of Chicago*, 1996 WL 432399 (N.D. Ill.), the plaintiff, Crown Life Insurance Company filed a complaint for foreclosure of mortgage and other relief against American National Bank and Trust Company of Chicago. In that case, the borrower defendants defaulted under the note by failing to make the January and February payments. Crown accelerated the unpaid balance as allowed under the note. Although the borrower eventually made payments equivalent to the January and February payments on March 1, the borrower failed to pay accumulated late fees for the January and February payments as well as Crown's attorney's fees and costs incurred prosecuting the action. The court determined that because the borrower failed to pay these late charges, this was insufficient to reinstate the note and the mortgage and the borrower defendants continued to be in default. Id at 3. The court determined that there was no reinstatement and redemption under the Illinois Mortgage Foreclosure Law. Id. Thus, it is clear pursuant to the Illinois Mortgage

Foreclosure Act as well as case law, that in order to properly reinstate a mortgage a lender can require the payment of late fees if provided for in the subject mortgage and note.

In this case, it is undisputed that the Rizzos did not make certain monthly payments and incurred late fees. It is also undisputed that the mortgage and note provided for late fees on charges upon late payment of the monthly installment.

The only portion of the plaintiffs' complaint at law which indicates or alleges that the defendants attempted to collect improper post-acceleration late charges is paragraph 15. Paragraph 15 is simply an unsupported conclusion which indicates that in July of 2001 the defendant sought to collect in the foreclosure action post-acceleration late charges. There is nothing in the complaint for foreclosure against the Rizzos filed by Pierce & Associates which would indicate that they at any time requested post-acceleration late fees in the prayer for relief. The plaintiffs have brought forth nothing other than unsupported conclusions to indicate that the defendant ever requested post-acceleration late fees. As indicated, once the Rizzos decided to reinstate the mortgage, all of the terms and obligations of the mortgage and note applied and the calculation of late fees was required in order for the Rizzo's to reinstate.

In a feeble attempt to indicate that the defendants were, in fact, attempting to collect post-acceleration late fees, the plaintiffs make an issue of newsletters that are posted on the Pierce & Associates website. The plaintiffs contend that these contain some sort of admission as to the defendant's attempts to collect these alleged improper late charges. In paragraph 18 of the plaintiffs' complaint at law, the plaintiffs allege that Pierce & Associates knew that post-

acceleration late charges are unauthorized as shown by Exhibits C and D to the plaintiff's Complaint which are excerpts from information on a website maintained by Pierce & Associates. However, these newsletters have no such implications. They simply speak about the status of some consumer litigation which has been filed to challenge certain late charges under certain circumstances. By no means do they involve a statement of the law or any court holdings that have any binding effect. It appears that the plaintiffs specifically point to a portion of the newsletter in Exhibit C which indicates the following:

> The firm of Pierce & Associates, as well as a number of other USFN members have reviewed the issue of collecting late charges on loans that pay off after the loan has been accelerated. It seems to be the opinion of most and of our firm that to do so opens up the lender and the law firm to potential class action lawsuits. The reasoning behind this issue is that if the loan has been accelerated, and the entire loan is due, there are no longer monthly payments due and therefore there are no monthly payments due and consequently late charges are not due. **This reasoning does not apply to loans that reinstate because when a loan reinstates the loan is no longer accelerated and monthly payments become due again.**

The last sentence of the above paragraph specifically supports the defendant's argument that late fees may be collected for loans that reinstate. The plaintiffs seem to ignore this sentence. Thus, the complaint mischaracterizes these web pages when it states, "Pierce & Associates knew that post-acceleration late charges are unauthorized as shown by Exhibits C and D." They simply do not support this wildly exaggerated interpretation of them.

In summary, even after a borrower defaults on its payments, the mortgage contemplates that after there is a default and acceleration proceedings begin, a borrower may still obtain the benefits of the original mortgage by reinstatement. That is specifically what occurred here.

However, in order to reinstate, one must look to the terms and obligations of the mortgage with regard to fees, charges and payments. In order to reinstate the mortgage all of those amounts that would have been due under the mortgage had no acceleration occurred must be paid. In this case, the mortgage and note specifically indicated that included in these amounts are the monthly payments that were due as well as the late charges since they were not paid on time. These are amounts that must be paid in order to cure the situation. Therefore, the actions of Pierce & Associates to collect late fees in order for reinstatement of the Rizzos' loan were entirely proper.

## IV. CONCLUSION

WHEREFORE, plaintiffs have not stated a valid Fair Debt Collection Practices Act complaint, and their complaint should be dismissed in accordance with the Federal Rule of Civil Procedure 12(b)(6).

                                          Respectfully submitted,
                                          PIERCE & ASSOCIATES, P.C.

                    By: _____
                              One of its Attorneys

David M. Schultz
Michael S. Nardulli
HINSHAW & CULBERTSON
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000