812774/DMS

FILED-ED4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

02 MAY 30 AM 10: 35

CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICHAEL RIZZO and LOUISE RIZZO, | ) ) | |
| Plaintiffs | ) | Case No. 02 C 1992 |
| vs. | ) ) | Judge Norgle |
| | ) | Magistrate Judge Bobrick |
| PIERCE & ASSOCIATES, P.C., | ) | |
| Defendant | ) | |

**DOCKETED**

**MAY 3 1 2002**

### NOTICE OF FILING

TO: Ms. Adela Lucchesi, Edelman, Combs & Latturner, LLC., 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603

PLEASE TAKE NOTICE that on the 30th day of May, 2002, the following items were filed In the United States District Court for the Northern District of Illinois Pierce & Associates, P.C.'s Answers to the Complaint.

By: _____

David M. Schultz, Esq.
Michael S. Nardulli
Hinshaw & Culbertson
222 North LaSalle
Chicago, IL 60601
(312) 704-3000

**Proof of Service**

The undersigned, a non-attorney, on oath state that I caused a copy of the foregoing notice to be served on the above party(ies) by depositing the same in the U.S. Mail at 222 North LaSalle, Chicago, Illinois by 5:00 p.m. on the 30th day of May, 2002, with proper postage prepaid.

_____

[x} Under penalties as provided by law
pursuant to Ill.Rev.Stats. Chapter. 110,
Sec. 1-109, I certify that the statements
set forth herein are true and correct.



5503083v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RIZZO and LOUISE RIZZO, | ) | Case No. 02 C 1992 |
| | ) | |
| Plaintiffs, | ) | Judge Norgle |
| | ) | |
| v. | ) | Magistrate Judge Bobrick |
| | ) | |
| PIERCE & ASSOCIATES, P.C., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED-ED4
02 MAY 30 AM 10: 36
CLERK
U.S. DISTRICT COURT

DOCKETED
MAY 3 1 2002

## ANSWER TO COMPLAINT

Defendant, PIERCE & ASSOCIATES, P.C., by and through its attorney, DAVID M. SCHULTZ, and in response to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. Plaintiffs, Michael Rizzo and Louise Rizzo, bring this action to secure redress from unlawful collection practices engaged in by Pierce & Associates, P.C. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**ANSWER: Defendant admits that Plaintiffs filed a lawsuit, which purports to state a claim under the FDCPA. Defendant denies that it violated the FDCPA and any other allegations in Paragraph 1.**

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §§ 1331 and 1337.

**ANSWER: Defendant admits that jurisdiction in this Court is proper.**

3. Venue in this District is proper because Pierce & Associates, P.C. does business here.

**ANSWER:** **Defendant admits that venue in this District is proper.**

## PARTIES

4. Plaintiffs are husband and wife and reside in a home which they own at 6085 Puffer Road, Downers Grove, Illinois 60516.

**ANSWER:** **Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.**

5. Plaintiffs are consumers as defined in the FDCPA, in that the debt at issue in this case is a residential second mortgage loan obtained for personal, family or household purposes.

**ANSWER:** **Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.**

6. Defendant Pierce & Associates, P.C. is an Illinois professional corporation with offices at 18 South Michigan Avenue, Suite 1200, Chicago, IL 60603.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 6.**

7. Pierce & Associates, P.C. regularly attempts to collect residential mortgage debts.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 7.**

8. Pierce & Associates, P.C. is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendant admits that it may be considered a "debt collector" under the FDCPA in connection with certain of its business activities, but denies that it is a debt collector for all of its business activities.**

## FACTS

9. On September 18, 1997 plaintiffs obtained a second mortgage loan secured by their home.

**ANSWER: Defendant admits the allegations contained in Paragraph 9.**

10. As shown by Exhibit A, attached, the loan was written on forms issued by the Federal National Mortgage Association and Federal Home Loan Mortgage Association. Most "conventional" mortgages written in the United States, and most "conventional" mortgages enforced by defendant, are written on these forms.

**ANSWER: Defendant admits the allegations contained in the first sentence of Paragraph 10. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.**

11. Within one year prior to the filing of this action, Pierce & Associates, P.C. attempted to collect an alleged delinquent balance on plaintiffs' mortgage and note on behalf of Manufacturers & Traders Trust Company, owner of the loan, and Fairbanks Capital Corporation, the servicing agent.

**ANSWER: Defendant admits the allegations contained in Paragraph 11.**

12. On November 3, 2000, Pierce & Associates, P.C. filed a mortgage foreclosure action on plaintiffs' mortgage in DuPage County, Illinois. A copy of the complaint is attached as Exhibit B. The loan was accelerated no later than November 3, 2000.

**ANSWER: Defendant admits the allegations contained in Paragraph 12.**

13. On May 30, 2001, a judgment was entered in the foreclosure case directing the sale of the property.

**ANSWER: Defendant admits the allegations contained in Paragraph 13.**

14. In February 2002 the mortgage was reinstated and the case dismissed.

**ANSWER: Defendant admits the allegations contained in Paragraph 14.**

### POST-ACCELERATION LATE CHARGES

15. In July, 2001 the amount sought to be collected in the foreclosure also included post-acceleration late charges were after acceleration.

**ANSWER: Paragraph 15 does not appear to make grammatical sense and refers to some unspecified conduct in July, 2001, therefore Defendant states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 15.**

16. No standard form mortgage and note in use in the United States permits the collection of post-acceleration late charges. They only authorize a late charge on a "monthly payment" that is overdue. Once the loan is accelerated there are no monthly payments due unless and until the loan is reinstated.

**ANSWER: Defendant denies the allegations contained in Paragraph 16.**

17. Pierce & Associates, P.C. regularly represents Fairbanks Capital Corporation and regularly attempts to collect post-acceleration late charges.

**ANSWER: Defendant admits that in its business practices there are instances in which it attempted to collect post-acceleration late charges. Defendant is without**

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Pierce & Associates, P.C. knew that post-acceleration late charges are unauthorized, as shown by <u>Exhibits C-D</u>, which are excerpts from information on a Web site maintained by Pierce & Associates, P.C.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18, and denies that Plaintiff accurately characterizes Exhibits C-D.

19. Many or all of the notes and mortgages collected by Pierce & Associates, P.C. contain late charge provisions substantially identical to those in plaintiffs' note and mortgage.

**ANSWER:** Defendant admits that it has handled many foreclosure cases dealing with notes and mortgages similar to the Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

## COUNT I – FDCPA

20. Plaintiffs incorporate ¶¶ 1-19.

**ANSWER:** Defendant incorporates Answers to Paragraphs 1-19 as its Answer to Paragraph 20.

21. Defendant violated 15 U.S.C. §§ 1692e, 1692f and 1692f(1) by collecting and attempting to collect late charges after acceleration.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21.

## CLASS ALLEGATIONS

22. This claim in brought on behalf of a class, consisting of all individuals who satisfy the following criteria:

   a. Pierce & Associates, P.C. attempted to collect (through correspondence, legal proceedings or otherwise) a residential mortgage debt;

   b. The sum attempted to be collected included post-acceleration late charges;

   c. The note and mortgage permit the imposition of late charges on overdue monthly payments; and

   d. Any portion of the collection attempt occurred on or after a date one year prior to the filing of this action.

**ANSWER: Defendant admits that Plaintiffs attempt to pursue certification of a class on behalf of those identified in Paragraph 12, however, Defendant denies a class exists or that the case should be certified as a class action.**

23. The class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members. The predominant question is whether Pierce & Associates, P.C. violated the FDCPA by attempting to collect post-acceleration late charges, not authorized by contract or law.

**ANSWER: Defendant denies the allegations contained in Paragraph 23.**

24. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Defendant denies the allegations contained in Paragraph 24.**

25. Plaintiff Michael Rizzo is the class representative. He will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of class actions and FDCPA claims.

**ANSWER: Defendant denies the allegations contained in Paragraph 25.**

26. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Pierce & Associates, P.C. has inflicted similar injuries to a large number of persons through a single course of conduct;

    b. Individual actions are not economical;

    c. Congress expressly contemplated FDCPA class actions as a means of enforcing the statute.

**ANSWER: Defendant denies the allegations contained in Paragraph 26.**

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant states that a violation of the FDCPA, which it denies occurred, was not intentional and would have resulted in a bonafide error not withstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant states that the judgment in the underlying foreclosure proceeding bars Plaintiffs' claims under doctrines of collateral estoppel, *res judicata* and the Rooker-Feldman doctrine.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant states that the settlement of the underlying litigation bars Plaintiffs' claim pursuant to the doctrines of collateral estoppel and *res judicata*.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant states Plaintiffs fail to state a cause of action for the reasons stated in the previously filed Motion to Dismiss.

Respectfully submitted,

PIERCE & ASSOCIATES, P.C.

By: _____
One of Its Attorneys

David M. Schultz
HINSHAW & CULBERTSON
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

5507803v1

8