# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1992 | **DATE** | 11/6/2002 |
| **CASE TITLE** | Michael and Louise Rizzo vs. Pierce & Associates, P.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the Court is the Defendant's motion for partial summary judgment [18-1], as well as Plaintiff's cross-motion for summary judgment [27-1]. The Court grants Defendant's motion for partial summary judgment [18-1]. The Court denies Plaintiff's cross-motion for summary judgment [27-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 07 2002 date docketed | 48 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL RIZZO AND LOUISE )
RIZZO, )
)
       Plaintiffs, )
)
   v. ) Case No. 02 C 1992
) HONORABLE CHARLES R. NORGLE
PIERCE & ASSOCIATES, P.C., )
)
       Defendant. )

**ORDER AND OPINION**

DOCKETED
NOV 0 7 2002

CHARLES R. NORGLE, District Judge:

Before the court is Defendant's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following the reasons, Defendant's motion is granted.

**I. BACKGROUND**[1]

This case is brought pursuant to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. On or about August 19, 1997 Plaintiffs, Michael and Louise Rizzo ("The Rizzos") entered into a second mortgage ("Mortgage") with Decision One Mortgage Company to borrow $46,850.00. The Mortgage was secured by the Rizzos' home. The Rizzos also signed a promissory note ("Note") making them personally liable for the repayment of the money.

Pursuant to the signed Mortgage and Note, the Rizzos agreed to pay the lender principal and interest on the loan in monthly payments in the amount of $674.88. According to the Note, the Rizzos agreed that if the Note holder did not receive the full amount of any of the monthly payments

---

[1] The court takes the facts from the parties Local Rule 56.1 statements and accompanying briefs. Disputed facts are noted in the text.



by the end of fifteen (15) days after the date it was due they would pay a late charge to the Note holder in the amount of 5% of the overdue payment.

Starting in or about July 2000, the Rizzos failed to make their monthly mortgage payments, and missed their next three monthly payments. On November 3, 2000 Defendant, Pierce & Associates ("Pierce"), acting on behalf of Decision One Mortgage Company, filed a mortgage foreclosure action on the Rizzos' mortgage in DuPage County. On May 30, 2001, a judgment was entered in the foreclosure case directing the sale of the property.

On January 22, 2002, the Rizzos exercised their right to reinstate the Mortgage. In doing so, the Rizzos were required to cure all of the defaulted payments and late charges. Subsequently, on January 22 and 25, 2002 the Rizzos tendered $12,000 to Fairbanks Capital to reinstate their Mortgage. On January 28, 2002, the Rizzos moved to dismiss the foreclosure action based upon fulfillment and payment of any default or late charges, as well as the eventually reinstatement of the mortgage. On March 4, 2002 the DuPage Circuit Court entered an order dismissing the foreclosure action due to the reinstatement of the subject mortgage.

Two weeks after the foreclosure was dismissed, on March 18, 2002, the Rizzos filed this action. The Rizzos allege that Pierce violated the FDCPA in July of 2001 when it purportedly attempted to collect what the Rizzos call unauthorized post-acceleration late charges. The Rizzos contend that once the loan was accelerated, there are no monthly payments due unless and until the loan is reinstated. The Rizzos also allege that Pierce knew that the post-acceleration late charges were unauthorized.

Pierce has now moved for partial summary judgment. The motion is fully briefed and and ripe for ruling.

## II. DISCUSSION

A. **Standards for Summary Judgment**

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries. Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994). Cases involving contract interpretation are "particularly suited to disposition by summary judgment." United States v. 4500 Audek Model No. 5601 AM/FM Clock Radios, 220 F.3d 539, 542 (7th Cir. 2000).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment.

See Fed. R. Civ. P. 56(c); Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); First Nat'l. Bank of Arizona v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Amercian Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994) (citing Anderson, 477 U.S. at 249-50; 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: Civil § 2712, at 574-78 (2d ed. 1983)). Not all factual disputes warrant the denial of summary judgment; only disputes as to facts material to the substantive claim require resolution by trial. Smith v. City of Chicago, 242 F.3d 737, 744 (7th Cir. 2001) (citing Anderson, 477 U.S. at 247-248).

**B. The Mortgage, Note, and Illinois State Law Provide for The Collection of Late Charges**

The Rizzos argue that late charges that are tied to overdue monthly payments cannot be collected with respect to the period after acceleration and before reinstatement. The Rizzos argument is based on the conclusion that "once the mortgage debt was accelerated, the borrowers' right and obligation to make monthly installments ceased and all sums became immediately due and payable." (Pl. Resp. to Def.'s Mot for Partial Summ. J., pg. 5.) Pierce argues when the Rizzos' chose to reinstate their Mortgage, they were required to tender all past due monthly payments, interest, as well as all late fees and expenses required under their Mortgage and Note. The terms of

4

the Mortgage and Note were fully set forth and thus lawfully provide for the demand and receipt of payment for such amounts. The court finds the argument of Pierce persuasive.

Under Section 5/15-1602 of the Illinois Mortgage Foreclosure Act, mortgagors may reinstate their mortgage within 90 days of the date they have been served or have otherwise submitted to the jurisdiction of the court:

> In any foreclosure of a mortgage executed after July 21, 1959, which has become due prior to the maturity date fixed in the mortgage, or in any instrument or obligation secured by the mortgage, through acceleration because of default under the mortgage, a mortgagor may reinstate the mortgage as provided herein. **Reinstatement is effected by curing all defaults then existing**, other than payment of such portion of the principal which would not have been due had no acceleration occurred and by paying all costs and expenses required by the mortgage to be paid in the event of such defaults, provided that such cure and payment are made prior to the expiration of 90 days from the date the mortgagor or, if more than one, all the mortgagors (i) have been served with summons or by publication or (ii) have otherwise submitted to the jurisdiction of the court.

735 ILCS § 5/15-1602 (emphasis added). A review of the Mortgage and Note establish the terms and conditions, as well as provide for the consequences in the event of failure to meet these obligations. The Note states:

> **(A) Late Charge For Overdue Payments**
> If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0% of my overdue payment, but not less than U.S. $N/A and not more than U.S. $N/A. I will pay this late charge only once on any late payment.

\*\*\*

> **(C) Default**
> If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of the principal which has not been paid and all the interest that I owe on that amount. Even if, at the time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(Def.'s Mot. for Summ. J., Ex. A.) Lastly, the Mortgage provides that the Rizzos were required to cure all of the amounts due under their loan, as if the acceleration had never occurred, in order to reinstate. Specifically, the Mortgage states:

> **18 Borrower's Right to Reinstate.** Notwithstanding lender's acceleration of the sum secured by this mortgage due to borrower's breach, borrower shall have the right to have any proceedings begun by lender to enforce this mortgage discontinued at any time prior to entry of a judgment enforcing this mortgage if: (a) borrower pays lender all sums which would be then due under the mortgage and the note had no acceleration occurred; (b) borrower cures all breaches of any other covenants or agreements of borrower contained in this mortgage; (c) borrower pays all reasonable expenses incurred by lender in enforcing the covenants and agreements of borrower contained in this mortgage and in enforcing lender's remedies as provided in paragraph 17 hereof, but not limited to, reasonable attorney's fees . . . .

(Def.'s Mot. for Summ. J., Ex. A.)

The Mortgage and Note specifically provide for late charges for failure to timely pay the monthly installments. More significantly, the Mortgage and Note provide for fees and charges after acceleration of the Mortgage if reinstatement is sought. As a general rule, "interpretation of an unambiguous contract is a question of law." Bechtold v. Physicians Health Plan of N. Ind., Inc., 19 F.3d 322, 325 (7th Cir. 1994) (citing Ryan v. Chromalloy Am. Corp., 877 F.2d 598, 602 (7th Cir.

1989)). "If the language of the contract unambiguously provides an answer to the question at hand, the inquiry is over." LaSalle Nat'l Bank v. Service Merchandise Co., 827 F.2d 74, 78 (7th Cir. 1987). A fundamental principle of contract interpretation that courts read language to make business sense whenever possible. See Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 860-862 (7th Cir. 2002). It is undisputed that the Rizzos did not make certain monthly payments. As a result of their failure to make these monthly payments, fees and charges were incurred pursuant to the Mortgage and Note and foreclosure was sought. To avoid foreclosure, the Rizzos reinstated the Mortgage. In order to properly reinstate the Mortgage, the Rizzos were required to pay all fees and charges accrued pre and post-acceleration.

More significantly, Illinois law allows for the imposition of fees and charges post-acceleration. Section 5/15-1602 of the Illinois Mortgage Foreclosure Act states that reinstatement is affected "by paying all costs and expenses required by the mortgage to be paid in event of such defaults." 735 ILCS § 5/15-1602. It is self-evident that the Illinois Mortgage Foreclosure Act allows for the assessment of late fees and charges even after acceleration. See Crown Life Insurance Co. v. American National Band and Trust Co. of Chicago, No. 96 C 917, 1996 WL 4323299, at *3 (N.D. Ill. July 29, 1996); Moore v. Lomas Mortgage, USA Inc., 814 F.Supp. 741, 743-744 (N.D. Ill. 1993). Here, in seeking reimbursement for the fees and charges accrued, Pierce, sought an amount it was legally entilted to request under Illinois law as well as the Mortgage agreement, namely the missed monthly payments and the related contractual expenses.

### C. No False or Misleading Acts Were Committed in Violation of the FDCPA

The Rizzos argue that Pierce violated the FDCPA by attempting to collect post-acceleration late charges. Pierce counters it did not violate the FDCPA because the fees and charges were

provided for in the Mortgage and the Note. Again, the Court finds the argument of Pierce persuasive.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The FDCPA also prohibits any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1). This includes the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id.

Initially, the Rizzos fail to point to any specific violation of the FDCPA by Pierce. Rather, the Rizzos make a general conclusory argument that Pierce violated the FDCPA. It is the Rizzos burden to present these issues clearly and to support them with appropriately authority. Doherty v. City of Chicago, 75 F.3d 318, 329 (7th Cir. 1996) (noting that it is up to the parties, not the court, to construct the arguments); see also United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (noting that an undeveloped argument speaks to its paucity, and refusing to consider the argument). Pierce did not attempt to collect on an unlawful or unauthorized amount and did not use any unfair or unconscionable means, nor did they make any false, deceptive, or misleading representations in the foreclosure proceedings. The Mortgage and Note specifically provided that in order to reinstate the Mortgage, the Rizzos were required to pay all fees and charges incurred, including post-acceleration fees and charges. The Rizzos cannot claim a violation of the FDCPA when they specifically contracted for payment of fees and charges in connection with late payments and default, including post-acceleration.

8

The Court also rejects Rizzos' conclusory allegation in paragraph 18 of the complaint that Pierce has made admissions that it knew that the conduct in question violated the FDCPA. In support of this assertion, the Rizzos' compliant attaches copies of Pierce's newsletters that were posted on its website. However, these newsletters have no such implication, but discuss the status of some consumer litigation which has been filed to challenge certain late charges under certain circumstances. One of the newsletters discusses the scenarios in which late fees could be charged:

> The firm of Pierce & Associates, as well as a number of other USFN members have reviewed the issue of collecting late charges on loans that pay off after the loan has been accelerated. It seems to be the opinion of most and of our firm that to do so opens up the lender and the law firm to potential class action lawsuits. The reasoning behind this issue is that if the loan has been accelerated, and the entire loan is due, there are no longer monthly payments due and therefore there are no monthly payments due and consequently late charges are not due. This reasoning does not apply to loans that reinstate because when a loan reinstates the loan is no longer accelerated and monthly payments become due again.

(See Compl., Ex. C.) This last sentence of the above paragraph specifically supports Pierce's argument that fees and charges may be collected for loans that reinstate.

## III. CONCLUSION

It is undisputed that the Rizzos did not make certain monthly payments and incurred fees and charges. It is also undisputed that the Mortgage and the Note provide for the imposition of fees and charges where the Rizzos failed to make timely monthly installments. The Illinois Mortgage Foreclosure Act specifically provides, in order to properly reinstate a mortgage, a lender can require the payment of fees and charges if provided for in the subject mortgage and note. The Rizzos agreed to both the Mortgage and the Note when they contracted to obtain a mortgage, and thus agreed to fees and charges for late payments or default, even post-acceleration.

For the reasons set forth above, Defendant is entitled to partial summary judgment as a matter of law.

IT IS SO ORDERED

ENTER:

_____

CHARLES RONALD NORGLE, Judge

United States District Court

DATED:_____